[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: 3 March 1995
Date of Application: 3 March 1995
Date Application Filed: 3 March 1995
Date of Decision: 24 October 1995 CT Page 12499-PP
Application for review of sentence imposed by the Superior Court, Judicial District of Danbury at Danbury. Docket #DBD 94 87985S.
Michael K. Courtney, Esq., For the Petitioner.
David Holzback, Esq., For the State.
BY THE DIVISION
The petitioner pled guilty to one count of Criminal Negligent Homicide in violation of Conn. Gen. Stat. § 53a-58
and one count of Risk of Injury in violation of Conn. Gen. Stat. § 53-21. The court imposed a sentence of ten years on the Risk of Injury and one year concurrent on the Criminal Negligence count. The total effective sentence was ten years to serve.
The record shows that a nine week old child of a woman that the petitioner was living with was taken to the Danbury Hospital and then transferred to Yale New Haven Hospital where the child died the next day. At Yale the child was treated for internal cranial bleeding, brain swelling, retinal hemorrhages, rib fractures and a laceration of the liver. The injuries were consistent with shaken baby syndrome.
At the hearing counsel for the petitioner claimed that the death of the child was an accident. He then focused on the horrid childhood and upbringing that the petitioner experienced himself. He noted that his client was abused as a child and that at the time of the incident the petitioner was very immature.
The attorney asked the panel to suspend some portion of the ten year sentence and impose five years probation. Counsel felt that the guidance of probation was necessary and without it the petitioner would just be released in society without any support mechanisms. Counsel concluded that the CT Page 12499-QQ petitioner's childhood was not an excuse for his conduct but it explained some of it.
The attorney for the state felt that a reduction in sentence and a change to probation was not going to help the petitioner. He noted that the petitioner gave three statements to the police and none of them comport with the actual injuries that the child suffered. The state, along with probation, felt that significant incarceration was appropriate in this case. Counsel argued that the sentencing court gave serious and extensive attention to the petitioner which included a thorough analysis of his childhood. The state concluded with the sobering thought that this was a horrible death of a very young infant and urged the panel to affirm the sentence imposed by the court.
In reviewing the remarks of the sentencing court, we clearly find that she took into consideration the petitioner's background. The court then clearly indicated that the purpose of the sentence was to punish the petitioner as she felt he must accept responsibility for his criminal acts. Noteworthy in the court's remarks is the fact that the court disagreed with the people who felt the petitioner was incapable of rehabilitation, whereas the court hoped that the petitioner would benefit from his sentence.
It is the panels' finding that the sentence imposed comports with the requirements of Practice Book 942, the court properly weighed all the proper factors necessary. The sentence is appropriate nor is it disproportionate in light of the horrible death of the infant victim.
The sentence is AFFIRMED.
Norko, J.
Purtill, J.
Klaczak, J.
Norko, J., Purtill, J. and Klaczak, J. participate in this decision. CT Page 12499-RR